**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**O. C. BOYLS, doing business as Boyls Dusting and Spraying Service, Defendant.**

Civ. A. No. 63-C-2.

United States District Court
S. D. Texas,
Corpus Christi Division.

June 3, 1964.

Earl Street, Regional Attorney, and Nathan Rachael, Dallas, Tex., for plaintiff.

Frederic Johnson, Sinton, Tex., for defendant.

James Bates, Edinburg, Tex., amicus curiae, Texas Aerial Applicators Ass'n.

GARZA, District Judge.

This is an action by the Secretary of Labor against O. C. Boyls, doing business as Boyls Dusting and Spraying Service, brought under Section 17 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, to enjoin Defendant from violations of the Minimum Wage (sec. 6), Over-time Compensation (sec. 7), Record Keeping (sec. 11), and Child Labor (sec. 12) provisions of the Act. The Defendant admits all the factual allegations of the complaint, but contends that he is not subject to the provisions of the Act because of the special agricultural exemption provided by Section 13(a) (6). The case has been submitted on briefs, including one filed on behalf of the Texas Aerial Applicators Association as Amicus Curiae.

The Defendant resides in Sinton, San Patricio County, Texas, and is engaged in the business of aerial crop dusting, spraying and defoliating of cotton and other crops which are shipped in interstate commerce. He maintains an office, hangar and warehouse at the Municipal Airport in Sinton. Of the fifty-one persons employed by Defendant from August 21, 1960, to February 5, 1963, it is uncontested that only two of them actually performed any of their duties on a farm, these being the pilot of Defendant's airplane and the flagboy who held a flag at the end of the farm to be sprayed or dusted, as a guide to the pilot. Plaintiff does not contest the application of the agricultural exemption to these two employees.

The issue to be decided here is whether the duties performed by the Defendant's employees at his airport location are within the scope of Section 13(a)(6) which exempts from the operation of the Act:

> "any employee employed in agriculture or in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit, or operated on a share-crop basis, and which are used exclusively for supply and storing of water for agricultural purposes;"—29 U.S.C. § 213 (a)(6).

"Agriculture" is defined in Section 3 (f) of the Act.

> " 'Agriculture' includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141j (g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market."—29 U.S.C. § 203 (f).

The distinction between employment in an "occupation necessary to the production" of goods for interstate commerce within the meaning of Section 3 (j), and employment in agriculture under Section 13(a), is discussed at length by the United States Supreme Court in Farmers Reservoir & Irrigation Co. v. McComb, 1949, 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672. As a result of this case, Congress, in 1949, amended Section 13(a)(6) by adding to the agricultural exemption a special exemption for irrigation activities. The court in the Farmers case held that the field employees of a mutual irrigation company owned entirely by farmers were within the coverage of the Fair Labor Standards Act, and were not exempt under the agricultural exemption.

> "But the conclusion that the work *is necessary* to agricultural production does not require us to say that it *is* agricultural production."— Same case, 337 U.S. at p. 759, 69 S.Ct. at p. 1277.

> "The question is whether the activity in the particular case is carried on as part of the agricultural function or is separately organized as an independent productive activity."—Same case, 337 U.S. at p. 761, 69 S.Ct. at p. 1278.

> "The work of the company's employees is not, then, farming. But, coming to the second branch of the definition of agriculture, it is equally clear that it does constitute a practice performed as an incident to or in conjunction with farming. If the Act exempted all such practices the company would be exempt. But the exemption is limited. Such practices are exempt only if they are performed by a farmer or on a farm."—Same case, 337 U.S. at p. 766, 69 S.Ct. at p. 1280.

The Court discusses the legislative history of the exemption and the reasoning behind the language used to provide an exemption for those engaged in farming and to separate enterprises only when they are performed by a farmer or on the farm.

The employees involved in this case are clearly not farmers, nor do they perform their work on a farm. Both Defendant and Amicus Curiae strongly contend, however, that since the employer's business of spraying and dusting crops is conducted on the farm, all of his employees should be exempt from the coverage of the Act.

The exemption of Section 13(a) (6) is for "any employee employed in * * *", showing an intent to make the activities of the employee, rather than the business of the employer, the basis of determination. Even a farmer's own employees are not exempt in many cases where their work is either not connected with farming operations or is connected with farming operations of those other than the employer.

The case of Tobin v. Wenatchee Air Service, Inc., et al., E.Dist. of Washington, 1952, 21 Labor Cases ¶ 67,019, is the only case cited by the parties involving a similar situation. The court there held that the employees in an aerial crop dusting business were engaged "in closely related processes and occupations directly essential to the production of agricultural crops for interstate commerce." Therefore, defendants' mechanics, linemen, parts men and bookkeeper were employed in the production of goods for commerce within the meaning of the Act.

As to the agricultural exemption, Judge Driver held in Conclusion of Law No. IV:

"IV. As the defendants' aforesaid employees are not employed in farming or by a farmer or on a farm, they are not employed in agriculture as defined by Section 3 (f) of the Act, within the meaning of Section 13(a) (6) of the Act.

(McComb v. Farmers Reservoir and Irrigation Company, 337 U.S. 755, [69 S.Ct. 1274, 93 L.Ed. 1672] (16 Labor Cases ¶ 65,217))."

Although, as urged by Amicus Curiae, the Court may be splitting hairs in applying the exemption only to those employees engaged in work on a farm, the decision in the Wenatchee Air Service case appears reasonable and necessary under the principles outlined in Farmers Reservoir and Irrigation Company v. McComb, supra.

As stated by Mr. Justice Frankfurter, concurring in the Farmers case:

"Both in the employments which the Fair Labor Standards Act covers and in the exemptions it makes the Congress has cast upon the courts the duty of making distinctions that often are bound to be so nice as to appear arbitrary in relation to each other."—337 U.S., at p. 770, 69 S. Ct., at p. 1282.

Defendant cites, in addition to the Farmers and Wenatchee cases, the case of Golding v. Associacion Aguicarera Cooperation Lafayette, 42 Labor Cases ¶ 31,119, which holds that mechanics employed to repair tractors used by their employer in agricultural services for individual farmers were not exempt from the Act since the work was not performed on a farm.

Defendant contends that the Wenatchee and Lafayette cases cannot be distinguished from the present case and were erroneously decided.

Two additional cases cited by Amicus Curiae concern employees in the floral business employed in various operations in maintaining their employers' greenhouses. The exemption was applied to them, primarily because they were employed by the farmer himself in his own horticultural practices. Walling v. Rocklin, 132 F.2d 3, C.C.A. 8th, 1942; Damutz v. William Pinchbeck, Inc., 158 F. 2d 882, 170 A.L.R. 1246, C.C.A.2d, 1946.

Maneja v. Waialua Agricultural Co., 1955, 349 U.S. 254, 75 S.Ct. 719, 99 L.Ed. 1040, involved a large, completely mech-

anized farming operation in Hawaii. The court discusses application of the agricultural exemption to various types of employees, holding those involved in farming operations exempt from the Act, and others not so involved covered. This case is a good example of the fine distinctions which must be made in applying the exemption, and is further authority for the proposition that all employees of a single concern do not stand in the same position.

This Court holds, therefore, that Defendant is an independent contractor performing agricultural services to farmers, but his employees are not exempt from the provisions of the Fair Labor Standards Act unless their work is done on a farm. Judgment, therefore, will be rendered for the Plaintiff.

Clerk will notify counsel, and counsel for Plaintiff will draft and submit an appropriate decree.