W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

Basil W. GILBERT and William E.
Maloney, Defendants.

Civ. A. No. 3059.

United States District Court
D. Rhode Island.

April 20, 1967.

Charles Donahue, Sol., Edward G. Madden, Regional Atty., Paul J. McTague, Atty., U. S. Dept. of Labor, Boston, Mass., for plaintiff.

John P. Bourcier, James M. Jerue, Providence, R. I., for defendants.

OPINION

DAY, Chief Judge.

This is an action by the Secretary of Labor brought under the provisions of Section 16(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., to recover unpaid overtime compensation alleged to be due and owing

by the defendants to H. Henry Briggs, James G. Hoard and John W. Greene in connection with their employment by them.

This action was commenced on January 4, 1963 as the result of and in compliance with written requests by the said H. Henry Briggs, James G. Hoard and John W. Greene filed, with the Secretary of Labor, that he institute an action against the defendants to recover unpaid overtime compensation allegedly due and owing to each of them by the defendants. The defendants are partners doing business under the name of Gilbert & Maloney and operate a place of business in Providence, Rhode Island.

Counsel for the parties have stipulated that at the times involved in this action the defendants were engaged in the making of engineering and topographical surveys and in the preparation of architectural plans for oil companies, that they were engaged in interstate commerce and that said employees for whose benefit this action was brought were, while employed by defendants during the periods involved herein, engaged in interstate commerce to a degree that would make the defendants and them subject to the provisions of the Fair Labor Standards Act.

The evidence adduced at the trial of this case established the following facts. The above named H. Henry Briggs, James G. Hoard and John W. Greene were employed by the defendants during a portion of the two year period ending January 4, 1963. They were employed to conduct and make surveys of sites in the New England States. In addition to making such surveys, viz: making the requisite measurements and records thereof at the site thereof, it was the duty of each to drive a truck of the defendants carrying other employees of the defendant and the necessary equipment for making such survey to the site thereof. Upon completion of a survey, it was his duty to drive such truck with its crew and equipment back to defendants' place of business unless instructed to the contrary.

It appears that each of these employees picked up a timecard at his employers' office at the beginning of each week, recorded the number of hours worked each day thereon and filed it with defendants at the end of such week. It is clear that each of them included on his timecard the time spent by him in driving said truck to the site of the survey and back to his employers' place of business. These cards were apparently checked by the defendants or by someone in their employ and were accepted as correct for pay-roll purposes. No copies thereof were retained by said employees.

It further appears that when each of said employees was hired his compensation was fixed at a specific hourly rate and he was told that in view of the fact that in the performance of his duties he would be required to travel to locations outside Rhode Island, he would be paid for travel time at his regular hourly rate. Each was in fact paid for such travel time at his regular hourly rate. With two exceptions of a minor nature, none of said employees was ever paid overtime compensation for hours worked by him in excess of forty (40) hours in any workweek as required by Section 7 of said Act, 29 U.S.C. § 207. Although during the trial defendants undertook to create some doubt as to the accuracy of the number of hours worked, as recorded on the timecards submitted by each of them, I am satisfied that said cards truly reflect the number of hours worked by the persons submitting them.

Defendants contend that this Court is without jurisdiction to hear and determine the merits of this action because (1) this action was not instituted by the proper party plaintiffs, and (2) because it involves a question of law that has not been finally settled, viz: whether or not the employees' travel time should be considered as work time.

In my opinion both of those contentions are without merit. As hereinbefore set forth, this action was instituted by the Secretary of Labor pur-

suant to the provisions of Section 16(c) [1] of the Fair Labor Standards Act of 1938, as amended, after a written request had been filed with him by each of said employees claiming unpaid overtime compensation under said Act. In the complaint filed in this action, it is specifically alleged that this action is brought to recover unpaid overtime compensation due three named employees pursuant to written requests filed by each of them. In my opinion, under the circumstances, the provisions of said Act were sufficiently complied with so that this action must be deemed commenced for the purposes of the statute of limitations as of the date said complaint was filed. Each of said employees was specifically named as a party plaintiff when his name appeared in the body of said complaint, although not in the caption of this action. Mitchell v. Stewart Brothers Construction Company, 1960, D.C. Neb., 184 F.Supp. 886; Gibbons v. Equitable Life Assurance Soc. of United States, 1949, 2 Cir., 173 F.2d 337; Central Missouri Tel. Co. v. Conwell, 1948, 8 Cir., 170 F.2d 641.

In my opinion, the defendants' contention that this case involves unsettled issues of law so as to deprive this Court of jurisdiction under the proviso of said Section 16(c) overlooks the congressional intent in enacting this clause and its consistent construction by the Courts. It is well settled that "incidental factual variations" such as obtain between any two cases which are fundamentally alike are not legally significant and that any requirement of identical facts as a condition to the maintenance of an action under Section 16(c) would be an extreme and unreasonable construction which would virtually nullify

the salutary provision for the recovery of unpaid compensation without expense to the complainant. Austford v. Goldberg, 1961, 8 Cir., 292 F.2d 234; Mitchell v. C. & P. Shoe Corporation, 1960, 5 Cir., 286 F.2d 109; Mitchell v. Emala & Associates, Inc., 1959, 4 Cir., 274 F.2d 781.

The evidence in this case clearly establishes that said employees were required to travel regularly to and from survey sites outside Rhode Island. Without such travel, said surveys could not have been made by the defendants. In addition, each of them regularly was required to drive a motor vehicle, usually the defendants', in order to transport the other members of the survey party and equipment to and from said sites. As hereinbefore recited, their respective employment contracts provided that they would be paid at their regular hourly rates for the time spent in travel to and from said survey sites outside Rhode Island. They reported all hours worked by them, including hours spent in travel, on their timecards and were paid for such hours so recorded at their regular hourly rates of pay.

In my opinion this action does not involve any issue of law which has not been settled finally by the courts. In Steiner v. Mitchell, 1956, 350 U.S. 247, at page 255, 76 S.Ct. 330, at page 335, 100 L.Ed. 267, the Supreme Court held:

"On the whole it is clear, we think, that while Congress intended to outlaw claims prior to 1947 for wages based on all employee activities unless provided for by contract or custom of the industry, including, of course, activities performed before or after regular hours of work, it did not intend to deprive employees of the benefits of the Fair Labor Standards Act

1. Section 16(c) provides: * * *
"When a written request is filed by any employee with the Secretary of Labor claiming unpaid minimum wages or unpaid overtime compensation under section 206 or section 207 of this title, the Secretary of Labor may bring an action in any court of competent jurisdiction to recover the amount of such claim: *Provided,* That this authority

to sue shall not be used by the Secretary of Labor in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court shall have jurisdiction over such action or proceeding initiated or brought by the Secretary of Labor if it does involve any issue of law not so finally settled. * * * "

where they are an integral part of and indispensable to their principal activities."

■ It is my opinion that since the travel time of said employees to and from survey sites outside Rhode Island involved the driving of a truck for the transportation of men and necessary equipment to and from the survey sites, it was an integral part of and indispensable to their principal activities and that said travel time should have been considered as hours worked by said employees during the workweeks when said travel occurred. Steiner v. Mitchell, supra; Mitchell v. King Packing Co., 1956, 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282; Mitchell v. Mitchell Truck Line, Inc., 1961, 5 Cir., 286 F.2d 721; Wirtz v. Sherman Enterprises, Inc., 1964, D.C. Md., 229 F.Supp. 746. Since such travel time was not included in computing overtime compensation due said employees, and since no overtime compensation was in fact paid to any of them, it follows that the plaintiff is entitled to recover herein the amount of all unpaid overtime compensation due and owing to said employees at the time of the institution of this action and not barred by the applicable statute of limitations. Plaintiff concedes that any claims of said employees for overtime compensation which accrued prior to January 4, 1961 are barred by the applicable statute of limitations.

From the evidence submitted, I find that on January 4, 1963, there was due and owing by the defendants, as unpaid overtime compensation for work performed in their behalf during periods subsequent to January 4, 1961 and prior to January 4, 1963, to H. Henry Briggs, the sum of $743.30 to James G. Hoard, the sum of $267.44, and to John W. Greene, the sum of $1,069.50, together with interest as provided by law.

Accordingly, judgment will be entered in favor of the plaintiff against the defendants in the sum of $2,080.24 together with interest and costs.