**James D. HODGSON, Secretary of Labor, United States Department of Labor**

v.

**UNION de PERMISIONARIOS CIRCULO ROJO, S. de R. L.**

**Civ. A. No. 70–B–15.**

United States District Court,
S. D. Texas,
Brownsville Division.

Oct. 1, 1971.

Peter G. Nash, Sol. of Labor, M. J. Parmenter, Regional Sol., Truett E. Bean, Trial Atty., Dallas, Tex., for plaintiff.

Wiech & Lewis, Jack Wiech, Brownsville, Tex., Scott Toothaker and O. C. Hamilton, Jr., McAllen, Tex., for defendant.

## MEMORANDUM AND ORDER OF DISMISSAL

GARZA, District Judge.

Plaintiff Secretary of Labor by this action seeks to enjoin Defendant from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, and to restrain any withholding of payment of minimum wages and overtime compensation found to be due. Jurisdiction is conferred on this Court by § 217 of the Act.

Defendant Union de Permisionarios Circulo Rojo, S. de R. L., is a Mexican corporation owned by four partners under an arrangement similar to a United States limited partnership. Defendant operates busses under an assignment of an Interstate Commerce Commission Certificate issued to Pan American Motor Coaches, now Valley Transit Company, a Texas corporation. Defendant's busses are driven between various points within the City of Matamoros, Mexico, and Brownsville, Texas, to deliver and take on passengers in the city of Brownsville. There are two classes of employees concerned here; bus drivers and ticket sellers, each of which the Secretary seeks to bring within the scope of the Act. The bus drivers are members of a Mexican bus drivers' union and spend the majority of their working hours in Mexico. The six ticket sellers involved worked exclusively in the City of Brownsville prior to January, 1968, when their services were discontinued by the company.

Initially, it must be determined whether the action as to the Brownsville ticket sellers is barred by limitations, for Defendant concedes that otherwise they would be covered by the Act. This suit was commenced on February 6, 1970. The applicable Statute of Limitations is 29 U.S.C. § 255(a). It is plain from the reading of the statute that Plaintiff's cause of action here is barred, as to the ticket sellers, because it was not commenced within two years after it accrued, unless it can be determined that Defendant's failure to pay a minimum wage constituted a "willful" violation; in that case the time for commencement of the action would be extended to three years after accrual. The facts in this case do not warrant a finding that Defendant's failure to pay the minimum wage was "willful", within the meaning of § 255(a), therefore Plaintiff will be precluded from any recovery as to the ticket sellers.

The Secretary of Labor has filed this suit under § 217 of the Act. Counsel for both parties have conceded that there are no court decisions which have passed upon the legal issues presented in this case, and therefore it is apparent that the litigation here involves unsettled questions of law. Title 29 U.S.C. § 216(c) authorizes the Secretary to bring suit in any court of competent jurisdiction to recover unpaid minimum wages or unpaid overtime compensation under §§ 206 and 207 of the Act, pursuant to a written request filed by any employee with the Secretary, but § 216(c) also contains the following proviso:

*"Provided*, That this authority to sue shall not be used by the Secretary of Labor in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court shall have jurisdiction over such action or proceeding initiated or brought by the Secretary of La-

bor if it does involve any issue of law not so finally settled."

The First Circuit has had occasion to discuss the aforementioned proviso and the policy behind it, and has stated:

"By the proviso Congress showed it did not wish to give the Secretary power to instigate or conduct litigation to obtain retrospective payments from employers who lacked adequate warning from existing, settled authority. Employers were not to be exposed to the powers of the government as a collection agency for liability innocently incurred, if indeed it was incurred, when the law's applicability to them was open to legitimate doubt. This is not unfair to the employee, who may still bring his own suit. It is not a handicap to the Secretary, who is unrestricted as to the future." Wirtz v. Marino, 405 F.2d 938, 942 (CA 1–1969)

It has been held that the § 216 proviso denying jurisdiction in areas of unsettled law is equally applicable to § 217, Hodgson v. American Can Company, Dixie Products, 317 F.Supp. 152 (W.D. Ark.1970), and although it has been held to the contrary, Shultz v. Wheaton Glass Company, 319 F.Supp. 229 (D.C. New Jersey 1970); Wirtz v. W. G. Lockhart Construction Company, 230 F.Supp. 823, 828 (N.D. Ohio, E.D.1964), this Court finds *American Can* more persuasive and will follow the decision therein relative to unsettled questions of law. The Court in *American Can* stated at 317 F. Supp. page 155, "It does in fact seem clear that §§ 216 and 217 are integrally related elements of a single enforcement scheme", and at page 156 states:

"It would clearly be illogical to protect an unwarned employer from liability for back pay in a test case involving novel legal questions brought by the Secretary pursuant to an employee request under § 216(c), but to deny such equitable protection to the very same unwarned employer when the Secretary brings an identical test case on his own initiative under § 217.

This court, therefore, holds that the novel question proviso contained in § 216(c) is equally applicable to § 217."

The question of the issuance of a restraining injunction pursuant to § 217 of the Act is an equitable matter coming within the general equity jurisdiction and powers of the Court, Wirtz v. Jones, 340 F.2d 901 (CA 5 1965); Shultz v. Parke, 413 F.2d 1364 (CA 5 1969), is a matter within the sound discretion of the trial judge, Wirtz v. B. B. Saxon Co., 365 F.2d 457 (CA 5 1966), but must be done "with an eye to the purposes of the Act". *Saxon, supra,* p. 463. Assuming that this Court did have jurisdiction of this suit under § 217, further considerations would preclude a judgment for Plaintiff. This is a lawsuit in which the Secretary of Labor is seeking to force a Mexican Company to pay a minimum wage to Mexican employees who perform a minor part of their duties within the United States. The implications of allowing the Secretary to prevail here would be unfortunate. The United States would be acting contrary to the established principle of international law that, "The laws of no nation can justly extend beyond its own territories, except so far as regards its own citizens. They can have no force to control the sovereignty or rights of any other nation, within its own jurisdiction." The Apollon, 22 U.S. 362, 370, 6 L.Ed. 111 (1824). Not only would the United States be violating the sovereignty of another nation by interfering with that nation's regulation of its internal economic affairs, but such a decree would thwart the intentions of Congress as evidenced by § 213(f) of the Act: "The provisions of sections 206, 207, 211 and 212 of this title shall not apply with respect to any employee whose services during the workweek are performed in a workplace within a foreign country * * *"; and as expressed by view of the Committee: "It is the committee's view that the fundamental purposes which the Fair Labor Standards Act is designed to serve will not be furthered by the application of

the act to geographic areas within a foreign country". (U.S. Code Congressional and Administrative News, 1st Sess. 1957, 85th Cong., p. 1758)

█ Congressional legislation applies only within the territorial jurisdiction of the United States unless there is some intent to the contrary. Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932); Foley Brothers v. Filardo, 336 U.S. 281, 69 S.Ct. 575, 93 L.Ed. 680 (1949); Air Line Stewards and Stewardesses Ass'n International v. Northwest Airlines, Inc., 267 F.2d 170 (CA 8 1959), cert. den. 361 U. S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959). It has been held that the 8-hour law relating to contracts between private and United States' contractors was inapplicable in foreign countries, even when the employees of the government contractors were United States citizens. *Foley, supra.* The Railway Labor Act has been held not to apply where bargaining representatives were attempting to represent foreign based foreign nationals employed in foreign areas. Air Line Stewards and Stewardesses, *supra.* The Labor Management Relations Act of 1947 has been held not to apply to a controversy involving damages resulting from the picketing of a foreign ship operated entirely by foreign seamen temporarily in an American port, Benz v. Compania Naviera Hidalgo, S.A., 353 U.S. 138, 77 S.Ct. 699, 1 L. Ed.2d 709 (1957), nor was the National Labor Relations Act (29 U.S.C. § 151 et seq.) applied to alien crews of foreign owned vessels operating in a regular course of trade between United States and foreign ports. McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). Defendant's submission that there is no difference in a foreign bus being temporarily within the United States and a foreign ship being temporarily within the United States seems to strike the mark.

The only case the Secretary has cited that is near the point is a District Court case for the Canal Zone. Shultz v. Arosemena y Brid, S.A., 61 L.C. § 32,258 (D.C. Canal Zone 1969). In that case, it was held that employees of a Panamanian bus company, engaged in the transportation of school children from points in the Republic of Panama to various schools within the Canal Zone, in connection with the performance of government contracts for such service, were engaged in commerce within the meaning of the Act, and were, therefore, covered by the minimum wage and overtime provisions. However, that litigation was concerned with employees hired by a foreign company under contract with United States government agencies, and the employees referred to were employees working in connection with such contracts. Such is not the case here.

Employees of this Mexican bus company earn less per week than most United States laborers earn per day, and the bus fares are priced accordingly. This valuable bus service would obviously have to be discontinued in the event the company was forced to pay a minimum wage, because it fares were raised to compensate for the wage-hike, the busses would be devoid of passengers.

The economic, political and administrative repercussions which would be generated by a decree for Plaintiff would alone be grounds for a judgment for Defendant here. This is a case that is best left to Congress for a solution. It is without the province of this Court to delve into matters international on such a tenuous basis.

The motion to dismiss of Defendant Union de Permisionarios Circulo Rojo, S. de R. L. is hereby granted, and said Defendant is dismissed.

The Clerk will send copies of this Memorandum and Order of Dismissal to counsel for the parties.