**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**Barr EWING, Defendant-Appellant.**

**No. 71-1733.**

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1971.

O. C. Hamilton, Jr., McAllen, Tex., for defendant-appellant.

M. J. Parmenter, Regional Solicitor, U. S. Dept. of Labor, Dallas, Tex., L. H. Silberman, Solicitor, Dept. of Labor, Bessie Margolin, U. S. Dept. of Labor, Carin Ann Clauss, Ronald J. Cooper, Peter G. Nash, Sol. of Labor, Attys.,

United States Department of Labor, Washington, D. C., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This action was brought by the Secretary of Labor under § 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217, to enjoin appellant from violating the minimum wage, overtime and record keeping requirements of the Act, and to restrain the continued withholding of wages due certain employees of appellant. The district court held that the employees in question were covered by the Act and that the Secretary was entitled to the relief sought. We affirm.

Appellant, Barr Ewing, is engaged in the business of leveling land and clearing brush in Hidalgo County, Texas. The district court found that the land leveling performed by him was predominately for the purpose of improving land irrigation and thus citrus, cotton, grain, and vegetable production. Approximately 65 per cent of the fruit and vegetable crops produced in the area were shipped in interstate commerce and a substantial portion of the cotton and grain production was shipped in interstate and foreign commerce.

In the course of his business, appellant employed several shop mechanics and mechanics' helpers for the purpose of repairing and maintaining the heavy equipment used in the land leveling business. In addition, he employed a worker to assist in general office work and to perform secretarial tasks. Whether these workers are covered by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., provides the basic issue on this appeal.[1]

### I.

The issue is framed by appellant in the context of 10 East 40th Street Building v. Callus, 1945, 325 U.S. 578, 65 S.Ct.

---

1. Appellant concedes the applicability of the Act to truckdriver employees engaged in the business of hauling agricultural commodities. Therefore, the district court's findings and conclusions as to these employees are not in issue on this appeal.

1227, 89 L.Ed. 1806. It is appellant's position that the land leveling operating was an essentially local activity within the teaching of *Callus*. We do not agree. There the maintenance employees of the owner of an office building were held not subject to the Act. No manufacturing was carried on in the offices and the services provided were not considered as having a close and immediate tie to interstate production.

■ Here, however, the facts are quite different. Appellant entered into some 100 land leveling contracts involving about 2600 acres in Hidalgo County, Texas. As stated, the district court found that the majority of this land was used for the production of crops and that a substantial portion of such crops produced in the area were shipped in interstate commerce. There is an ample factual basis for these findings. Cf. Goldberg v. Arnold Bros. Cotton Gin Co., 5 Cir. 1962, 297 F.2d 520. Thus the clerical and maintenance employees of appellant are clearly covered by the Act if the land leveling work is closely related and directly essential to such interstate production as provided in § 3(j) of the Fair Labor Standards Act, 29 U.S.C.A. § 203 (j).

Appellant maintains that the land leveling operations were too remote to be closely related and directly essential to the production of goods for such commerce. In support of his argument, he makes the contention that the activity presented here falls beyond the scope of production for commerce as defined in the legislative history to the 1949 Amendment to the Act. See 95 Cong. Rec. 14874 (1949) (Senate Report); 95 Cong.Rec. 14928 (1949) (House Report). We find the legislative history to be in-

conclusive. Thus, to resolve the issue, we must turn to the statute itself and the cases arising after the 1949 amendment.[2]

Appellant contends that the land leveling activity constituted construction of a farm and is therefore governed by Mitchell v. H. B. Zachry Co., 1960, 362 U.S. 310, 80 S.Ct. 739, 4 L.Ed.2d 753, in which the court held that the construction of a reservoir dam ultimately to supply water to be used by interstate producers was an activity too remote for coverage. Assuming *arguendo* that land leveling constitutes construction of a farm, it does not necessarily follow that land leveling is too remote on the basis of *Zachry*. Rather, "whether construction work is covered depends upon all the circumstances of the relation of the particular activity to commerce." 362 U.S. at 313, 314, 80 S.Ct. at 742.

In *Zachry* the facility under construction was not provided directly to the interstate producers nor was it specifically intended for them as distinguished from the general public. By contrast, the "construction" service here was provided directly to the producers at the production sites and was an indispensable part of the production process. We conclude, therefore, that the relationship of the particular activity involved to commerce is sufficient to remove the instant case from the scope of *Zachry*.

The district court's determination that the land leveling was covered by the Act was based primarily upon Wirtz v. Boyls, S.D.Tex., 1964, 230 F.Supp. 246, which extended coverage to mechanics who performed work for a crop duster who provided services for interstate producers. Appellant, however, contends that reliance upon *Boyls* was misplaced since the issue before the court there was the ap-

---

2. The 1949 amendment inserted "closely related" preceding "process" and substituted "directly essential" for "necessary" following "occupation" in subsection (j) of § 3 of the Act. As so amended, subsection (j) provides:

"'Produced' means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."

plicability of the agricultural exemption, 29 U.S.C.A. § 213(b) (12), and not remoteness.

■ Granted, the primary issue before the court in Boyls and also in Farmers Reservoir & Irr. Co. v. McComb, 1949, 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672, was the applicability of the agricultural exemption. However, the principle announced in those cases cannot be wholly removed from the remoteness issue. Since the exemption was denied in both cases, coverage was in fact extended to employees similarly situated to those in the instant case. Thus, the determination of whether an employer is engaged in the production of goods for commerce is a prerequisite for reaching the question of the applicability of the agricultural exemption. See *Farmers Reservoir,* supra, 337 U.S. at 758, 69 S.Ct. 1274; *Boyls,* supra, 230 F.Supp. at 248. We conclude that it was not error for the district court to rely upon *Boyls.*

■ Appellant also contends that the 1949 amendment to 29 U.S.C.A. § 213(b), granting an exemption to irrigation and reservoir workers, constituted a legislative declaration that *Farmers Reservoir* extended coverage too far. This argument is without merit. Congress did not disapprove the coverage aspect of Farmers Reservoir, but chose instead to carve out a specific and limited exemption. By treating *Farmers Reservoir* in this manner, Congress inferentially approved coverage of employees of contractors providing a direct service to an interstate producer unless specifically exempt. Here, as will be seen, there is no exemption, and this court cannot create one.

■ Appellant's argument that there can be no coverage because the service precedes the production process is also without merit. The test for coverage does not depend upon the chronological sequence of events. Instead, it depends upon whether the service is a "closely related" process and "directly essential" to the production in question. Cf. Warren-Bradshaw Drilling Co. v. Hall, 5 Cir.

1941, 124 F.2d 42 (preliminary drilling in oil fields—employees of another company completed the drilling). We hold that such a relationship exists here based on the facts which show land leveling for the purpose of increased production which production followed in most instances in due course and without intervening non-production use.

We conclude that the district court did not err in holding that the land leveling business of appellant was closely related and directly essential to production for commerce within the meaning of the Act.

## II.

■■ This brings us to appellant's contention that the employees in question were covered by the agricultural exemption, 29 U.S.C.A. § 213(b) (12), and thus excepted from coverage. Clerical and maintenance work are incidental to agricultural production under the facts presented and are exempt only if ordinarily done by a farmer or on a farm. E. g., Mitchell v. Hunt, 5 Cir. 1959, 263 F.2d 913, 917. Here substantially all of the work of the employees in question was performed away from the farms being serviced, and the agricultural exemption is therefore inapplicable. The difference is pointed up by the position of the Secretary in not claiming coverage here as to appellant's equipment operators who performed the land leveling services on the farms.

## III.

■ Appellant's final argument on appeal is that the district court had no jurisdiction to order restitution of unpaid wages because this case involves "an issue of law which has not been finally settled by the courts." 29 U.S.C.A. § 216(c). At the outset, we note that this action was brought by the Secretary of Labor under the provisions of § 17 of the Act. 29 U.S.C.A. § 217. Appellant contends, nevertheless, that this section must be read in pari materia with the unsettled law issue proviso of § 16 (c), 29 U.S.C.A. § 216(c). In support of his argument, appellant urges this court

to adopt the reasoning of Hodgson v. Union de Permisionarios Circulo Rojo, S.D.Tex., 1971, 331 F.Supp. 1119 and Hodgson v. American Can Co., N.D. Ark., 1970, 317 F.Supp. 152.

We must have in mind that § 16(c) authorizes suits by the Secretary at the request of employees for unpaid minimum wages or overtime compensation. Under the statute, the courts have no jurisdiction over such suits if the case involves "an issue of law which has not been finally settled by the courts * * *." On the other hand the Secretary may proceed as here under § 17 of the Act which expressly authorizes federal court jurisdiction to restrain the withholding of payment of minimum wages or overtime compensation.

We find appellant's argument and the cases upon which he relies to be unpersuasive. The appellate courts that have considered the argument have uniformly held that the proviso of § 16(c) does not burden actions brought by the Secretary under § 17, 29 U.S.C.A. § 217. See Hodgson v. Wheaton Glass Co., 3 Cir. 1971, 446 F.2d 527; Hodgson v. American Can Co., 8 Cir. 1971, 440 F.2d 916, 921, reversing 317 F.Supp. 152, supra, relied on as stated, by appellant;[3] Shultz v. Mistletoe Express Serv., Inc., 10 Cir. 1970, 434 F.2d 1267, 1272. As stated in *Wheaton Glass*, after an exhaustive analysis of the legislative history of §§ 16 (c) and 17:

> § 16(c) has always afforded only a closely circumscribed remedy. By contrast, the 1961 amendments to § 16(b) and § 17 reflect a congressional decision to create a broad new enforcement mechanism, and there is nothing from which we can infer an intention that the broad remedy enacted in § 17 must be read in *pari materia* with the narrow remedy of § 16 (c), 446 F.2d at 533.

See also Wirtz v. Jones, 5 Cir. 1965, 340 F.2d 901, in which this court refused to read § 16(b) and § 17 in pari materia

insofar as § 16(b) provides for jury trial of factual issues. We therefore hold that the district court had jurisdiction to restrain the further withholding of back wages under 29 U.S.C.A. § 217.

We have examined all of the issues raised on this appeal and find no error.

Affirmed.

---

**3.** Hodgson v. Union de Permisionarios Circulo Rojo, supra, relied upon Hodgson v. American Can Co., now reversed, 440 F.2d 916, supra.