## MITCHELL, SECRETARY OF LABOR, *v.* KING PACKING CO.

No. 39.  Argued November 16–17, 1955.—Decided January 30, 1956.

*Bessie Margolin* argued the cause for petitioner.  With her on the brief were *Solicitor General Sobeloff, Ralph S. Spritzer, Stuart Rothman* and *Sylvia S. Ellison.*

*Willard S. Johnston* argued the cause and filed a brief for respondent.

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

This case like *Steiner* v. *Mitchell, ante,* p. 247, raises an issue of coverage under the Fair Labor Standards Act, as amended by the Portal-to-Portal Act of 1947, with respect to work performed before or after the direct or productive labor for which the worker is primarily paid.

The District Court denied to the Secretary of Labor an injunction to enforce compliance with the Act, and the Court of Appeals for the Ninth Circuit affirmed.  216 F. 2d 618.

The court below recognized a conflict with *Steiner*,[1] and, although holding that Section 4 controls the situation here, determined, contrary to the holding in the *Steiner* case, that "the terms 'preliminary' or 'postliminary' cannot be interpreted so as to exclude [from the exemptions from the Act] all activity 'indispensable to the performance of productive work.' To do so would deny effect to the intended meaning of the Portal-to-Portal Act." [2] We granted certiorari to resolve this conflict. 349 U. S. 914.

In *Steiner*, for reasons therein set forth, we concluded that after the enforcement date of the Portal-to-Portal Act activities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the Fair Labor Standards Act if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by Section 4 (a)(1).

The only question to be determined in this case is whether the knife-sharpening activities of the employees of respondent King Packing Co. are within this classification.

Respondent is an interstate meat packer engaged in slaughtering, butchering, dressing and distributing meat and meat products. It employs at its packing plant

---

[1] "The Secretary argues that the sharpening of knives is not 'preliminary' or 'postliminary' but rather 'an integral part of a principal activity,' since it is indispensable to the proper performance of the employees' work. He relies on a statement by Senator Cooper, one of the sponsors of the Portal-to-Portal Act, made during Senate debate on the bill that the term 'principal activities' is 'sufficiently broad to embrace within its terms such activities as are indispensable to the performance of productive work.' The case of Steiner v. Mitchell [215 F. 2d 171], supports this contention." 216 F. 2d, at 621.

[2] 216 F. 2d, at 621.

about 75 persons, of whom about one-third are knifemen, whose compensation rights are involved in this litigation. The knifemen perform various butchering operations, 12 or 14 of them working in the killing room and the others in the cutting room. Various knives and three types of electric saws are used in the butchering operations. Some of the knives are furnished by the knifemen under the terms of their employment. These are the boning, the shaving, the legging and the skinning or siding knives. The saws and the more expensive loin pulling, ham skinning, shoulder trimming and sparerib knives are furnished by respondent. All of the knives as well as the saws must be "razor sharp" for the proper performance of the work. Respondent's production manager and one of the knifemen testified a dull knife would slow down production which is conducted on an assembly line basis, affect the appearance of the meat as well as the quality of the hides, cause waste and make for accidents; "that a knife to be of any practical value in a knife job has to be . . . sharp."

Though the entire cost of keeping the saws in proper condition is borne by respondent, the knifemen are required to sharpen their own knives outside the scheduled shift of eight hours, and for this activity they are not compensated. The sharpening of these knives is done either before or after the work shift or during the lunch hour in a room equipped by respondent with an emery wheel and grindstone. A knifeman ordinarily sharpens from two to four knives a day. At the time a man is hired for, or promoted to, a knife job, it is understood that he will be required to sharpen knives. He is expected to perform that task as well as other tasks connected with the job.

The knifemen are paid by the hour and, excluding the knife-sharpening time in controversy, they work eight hours a day, five days a week.

We believe the facts clearly demonstrate that the knife-sharpening activities of these workmen are an integral part of and indispensable to the various butchering activities for which they were principally employed, and that they must be compensated for by respondent in compliance with the Fair Labor Standards Act, as amended by the Portal-to-Portal Act, and as construed by us today in *Steiner* v. *Mitchell.*[3]  Because the decision of the court below, resting solely upon an erroneous reading of Section 4, is not in accordance with our construction, the judgment must be reversed and remanded for proceedings not inconsistent herewith.

*Reversed and remanded.*

---

[3] The discussion between Senator Cooper and Senator Barkley, quoted in an appendix to our opinion in the *Steiner* case, is particularly apposite to the facts of the instant case.