233 F.2d 902
 Joseph P. DUNNING, Ernest Bingham, O. Q. Gaines, John H. Sievers, et al., individually and as agents and representatives to maintain this action for and on behalf of all employees similarly situated, Appellants,
v.
The Q. O. ORDNANCE CORPORATION, Appellee.
 No. 15187.
 United States Court of Appeals Eighth Circuit.
 June 6, 1956.
 Rehearing Denied July 12, 1956.
 
 Thomas W. Lanigan, Grand Island, Neb. and Charles W. Hess, Jr., Kansas City, Mo. (Guy A. Magruder, Jr., Arthur N. Nystrom, and Terrell, Hess & Magruder, Kansas City, Mo., on the brief), for appellants.
 Leo Eisenstatt, Omaha, Neb. (G. L. DeLacy, Omaha, Neb., on the brief), for appellee.
 Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.
 SANBORN, Circuit Judge.
 
 
 1
 After the decisions by the Supreme Court in the cases of Steiner v. Mitchell, 350 U.S. 247, 76 S.Ct. 330, and Mitchell v. King Packing Co., 350 U.S. 260, 76 S. Ct. 337, this Court granted the petition of the appellants for a rehearing of this case, for the sole purpose of considering whether the rulings of the Supreme Court in those cases required this Court to hold clearly erroneous the determination of the District Court to the effect that the clothes-changing and showering activities of the powder line workers at the Q. O. Ordnance plant at Grand Island, Nebraska, were not compensable under the amended Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended by the Portal-to-Portal Act of 1947, 61 Stat. 84, 29 U.S.C. § 251 et seq. The opinion of the District Court is reported in 119 F.Supp. 793.
 
 
 2
 This Court, in the opinion in this case written by the late Judge Collet, 228 F. 2d 929, at pages 931-932 pointed out that —
 
 
 3
 "The powder line workers who engaged in melting, pouring and processing explosives were required to change their clothes and take a shower after their shift. They were required to change their clothes as a safety precaution against explosions which might be caused from sparks from metallic objects on or in conventional clothing. They were required to take a shower as a safety measure for the employee's own health to avoid after effects of powder remaining on the person of the employee.
 
 
 4
 "These plaintiffs [powder line workers] contend that because they were required for those reasons to devote this period of time to those purposes, that the time so devoted was time spent in a necessary part of their principal duties. The argument is made to the effect that since it was undisputed that they were required to do these things, they were necessarily an integral part of their principal duties and the trial court's finding that these activities were preliminary and postliminary must be held to be clearly erroneous as contrary to the undisputed evidence or as based on a misconception of the law. Steiner v. Mitchell, 6 Cir., 215 F.2d 171, is relied upon to support that position."
 
 
 5
 We thought that Steiner v. Mitchell, 6 Cir., 215 F.2d 171, did not compel a conclusion that the clothes-changing and showering activities of the powder line workers were compensable as an integral part of their principal activities. We cited with approval a statement from Mitchell v. King Packing Co., 9 Cir., 216 F.2d 618, 621. We concluded that the question whether the activities of the powder line workers in changing clothes before and after work and in showering were such integral and indispensable part of their principal activities and were therefore compensable was a question of fact for the trial court and not a question of law for this Court. There was, and is, no contention or proof that any contract or custom or practice required the appellee to pay for clothes-changing or showering time.
 
 
 6
 It must be kept in mind that the clothes-changing and showering activities for which compensation is sought by the powder line workers in this case were all rendered prior to May 14, 1947, the date of the enactment of the Portal-to-Portal Act, and that the Section of that Act with which we are concerned is Section 2, and not Section 4[1] which was applicable to the Steiner and King Packing Co. cases. Section 2, in part, provides:
 
 
 7
 "Sec. 2. Relief From Certain Existing Claims Under The Fair Labor Standards Act of 1938, as Amended, * * *.
 
 
 8
 "(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act [May 14, 1947]), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either —
 
 
 9
 "(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or
 
 
 10
 "(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer. [Italics supplied.]" 61 Stat. 85, 29 U.S. C. § 252.
 
 
 11
 The Supreme Court in the Steiner case, 350 U.S. 247, 76 S.Ct. 330, made it clear that that case did not involve a question of back pay for time spent in any activities performed prior to May 14, 1947, and that Section 2 of the Portal-to-Portal Act was inapplicable.
 
 
 12
 In its opinion in the Steiner case the Supreme Court made the following statements:
 
 
 13
 "There is no question of back pay involved here because the Court limited its judgment to prospective relief. Nor is the question of changing clothes and showering under normal conditions involved because the Government concedes that these activities ordinarily constitute `preliminary' or `postliminary' activities excluded from compensable work time as contemplated in the Act. It contends, however, that such activities in the circumstances of this case are an integral and indispensable part of the production of batteries, the `principal activity' in which these employees were engaged, and are, therefore, compensable under the relevant provisions of the Act." At page 249 of 350 U.S., at page 332 of 76 S.Ct.
 
 
 14
 "The Portal-to-Portal Act was designed primarily to meet an `existing emergency' resulting from claims which, if allowed in accordance with Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, would have created `wholly unexpected liabilities, immense in amount and retroactive in operation.' This purpose was fulfilled by the enactment of Section 2. The trial court specifically limited the effect of this judgment to services rendered after the judgment becomes final. We are not, therefore, concerned with the provisions of Section 2, which is inapplicable to actions relating to activities of employees performed after May 14, 1947." At pages 253-254 of 350 U.S., at page 334 of 76 S. Ct.
 
 
 15
 "On the whole it is clear, we think, that while Congress intended to outlaw claims prior to 1947 for wages based on all employee activities unless provided for by contract or custom of the industry, including, of course, activities performed before or after regular hours of work, it did not intend to deprive employees of the benefits of the Fair Labor Standards Act where they are an integral part of and indispensable to their principal activities. Had Congress intended the result urged by petitioner, the very different provisions of Sections 2 and 4 would have been unnecessary; Section 2 could have been given prospective as well as retroactive effect." At pages 255-256 of 350 U.S., at page 335 of 76 S.Ct.
 
 
 16
 The King Packing Co. case, 350 U.S. 260, 76 S.Ct. 337, like the Steiner case, did not involve any question of the right to back pay in a situation to which Section 2 of the Portal-to-Portal Act was applicable. The question in each of those cases was whether the Secretary of Labor was entitled to an injunction to enforce future compliance with the Fair Labor Standards Act as amended by Section 4 of the Portal-to-Portal Act with respect to time spent in activities which were an integral and indispensable part of a principal activity.
 
 
 17
 It seems to us that Section 2 of the Portal-to-Portal Act was intended to preclude the allowance of claims such as those in suit, based, as they are, upon clothes-changing and showering activities which took place prior to May 14, 1947, and which were not compensable under any contract, custom or practice.
 
 
 18
 Our conclusion is that the rulings of the Supreme Court in the Steiner and King Packing Co. cases do not compel or justify a different decision with respect to the powder line workers than that which was previously reached by this Court and the District Court.
 
 
 19
 The judgment appealed from is re-affirmed.
 
 
 
 Notes:
 
 
 [1]
 "Sec. 4. Relief From Certain Future Claims Under the Fair Labor Standards Act of 1938, As Amended, * * *
 "(a) Except as provided in subsection (b), no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee engaged in on or after the date of the enactment of this Act [May 14, 1947] —
 "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
 "(2) activities which are preliminary to or postliminary to said principal activity or activities,
 which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.
 "(b) Notwithstanding the provisions of subsection (a) which relieve an employer from liability and punishment with respect to an activity, the employer shall not be so relieved if such activity is compensable by either —
 "(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or
 "(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer. * * *" 61 Stat. 86, 29 U.S.C. § 254.