William T. GRIFFIN, Patrick M. Mc-
Ginnis, C. Newton Kidd and Caroll
Rosenbloom, Appellants.

v.

George D. LOCKE, Appellee.

No. 16745.

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1961.

Forquer & Wolfe and Herbert Burstein, New York City, for appellant.

Snell & Wilmer, Phoenix, Ariz., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

This is an appeal from a judgment of the district court dismissing appellants' complaint.

The pleading in question alleged five separate causes of action based on fraud which the defendant-appellee attacked with:

(a) Motions to dismiss for failure "to state a claim against defendant upon which relief can be granted";

(b) Motions to dismiss the first, second, and third causes of action for failure to join indispensable parties;

(c) A motion "to dismiss said Fifth Cause of Action upon the ground that the same is repetitious, prolix, redundant and variously commingles unrelated facts which cannot be properly attacked by motions to strike or motions to dismiss";

(d) Motions to strike designated allegations from each cause of action;

(e) Motions for a more definite statement in all but the fourth cause of action.

The order of the district court is recorded in the following minute entry:

"It Is Ordered that Defendant's Motion to Dismiss each cause of action is granted, and that plaintiffs are allowed 30 days in which to amend the complaint.

"It Is Ordered that Defendant's Motions to Strike and for More Definite Statement be removed from the calendar."

The appellants elected not to amend, but rather to stand on their complaint.

The particular ground or grounds relied upon by the lower court are not expressed in the minute order. For all the record reveals, the appellant was left completely uninformed until the judgment of dismissal, filed more than a month later, which stated that the complaint failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It was at this point, after appellants had made their election, that we know they were

apprised of the fact that this rule was the basis for dismissal.[1]

Rule 8(a) (2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) (1) requires that "each averment * * * shall be simple, concise, and direct."

It was conceded by the appellee in oral argument, and it appears to us, that at least one claim was stated in the complaint.[2] However, he argues that the dismissal was rendered because the claims as stated were neither short nor plain; and that the averments were not simple, concise, and direct.

Even if this were the ground for dismissal a conclusion by appellants that it was based on other grounds would have been reasonable. Here the motion to dismiss for failure to state a claim was the only common ground used to attack all five causes of action, and the court dismissed all five. The motions to strike and for more definite statements were ordered removed from the calendar. This tends to engender the idea that the district court was not dissatisfied with the form of the complaint, but rather with its substance. Where 12(b) (6), 12 (e), and 12(f) motions of the Federal Rules of Civil Procedure oppose a complaint and the trial court grants either 12(e), 12(f), or both, the pleader is of course made aware that his error rests in how he stated his claim and not in the fact that he failed to state a claim at all.[3]

But where as here, a motion ostensibly attacking the complaint for failure to state a claim under 12(b) (6) is granted and motions made under provisions of 12 (e) and (f) are removed from the calendar, if the court's reason for dismissal is the complaint's lack of brevity and clarity, then the court should inform the pleader of that reason, orally or in its order. The record before us does not show that the appellant was so informed. Without some sufficient statement by the court, a pleader could reasonably conclude that the dismissal was erroneously grounded upon a failure to state a claim, and consequently choose to stand on his complaint rather than amend.

The complaint in question is not artfully drawn. Many of the allegations are vague and ambiguous, and other portions of the complaint might well have been deleted in accordance with the motions to strike and make more certain. However, the appellants should have been informed of the reason for dismissal so that an intelligent choice as to amending could have been made.

The judgment of dismissal is set aside, and the cause remanded to the district court with directions to enter an order fairly apprising the appellants of the ground or grounds for dismissal, and allowing appellants time to amend the complaint.

Appellants have also taken an appeal from the following order:

"It Is Ordered that Plaintiffs' Motion to Produce is denied at this time

---

1. It may be that during the oral argument the court advised appellant why it was dismissing the complaint. But the transcript of the hearing on the motions is not before us and it cannot be assumed that the appellants were made aware of the reason for the district court's ruling.

2. Nor was there a failure to join an indispensable party. In order to be indispensable or necessary, the absent party must have an interest in the controversy. State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421, 427. The corporations which appellee contends should have been joined have no interest in this case. The relief sought is damages for the alleged fraud perpetrated by the appellee on the individual appellants. The wrongs complained of are personal to the appellants, and the relief can be granted or denied without any effect on the corporations.

3. Rule 12(b):
"* * * the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted."
Rule 12(e) pertains to the Motion for More Definite Statement.
Rule 12(f) pertains to the Motion to Strike.

without prejudice with leave to renew motion at a later date."

This is not a final order and therefore is not appealable.

The case is remanded to the district court with directions to proceed in accordance with this decision.