William R. BALLOU et al., Plaintiffs,
Appellants,

v.

GENERAL ELECTRIC COMPANY,
Defendant, Appellee.

No. 7039.

United States Court of Appeals
First Circuit.

April 22, 1968.

Albert L. Goldman, Boston, Mass., with whom Angoff, Goldman, Manning & Pyle, Boston, Mass., was on brief, for appellants.

Laurence S. Fordham, Boston, Mass., with whom John G. S. Flym, and Foley, Hoag & Eliot, Mark F. Clark, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

The issue presented in this case is whether class attendance and study exercises required of apprentices are principal activities as that term is used in section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254.

Plaintiffs filed a complaint against their employer, General Electric Company, to recover payment of minimum and overtime wages for time spent as apprentices in required class attendance and study exercises. This time, which alone is in issue here, was in addition to at least forty hours a week spent in regular and customary work for apprentices at the General Electric plant.

Defendant moved to dismiss the complaint for failure to state a claim upon which relief could be granted, Fed.R. Civ.P. 12(b), and the district court allowed this motion. Plaintiffs' motion for reconsideration asserted that the complaint did state a cause of action, and that in any event they should be granted leave to amend. The denial of this motion gave rise to the instant appeal.

The order of the district court in allowing the motion to dismiss was somewhat cryptic and defendant argues that it should be affirmed on either of two theories, one relating to form, the other going to the merits. First, the Portal-to-Portal Act distinguishes between activities that are principal on the one hand and those that are prelim-inary or postliminary on the other. Only activities that are principal give rise to work time under the Act. Defendant argues that plaintiffs have not alleged that the time devoted to class and study is a principal activity and that, indeed, by contrasting this time with the "regular and customary" work of apprentices plaintiffs somewhat suggest the opposite. According to this theory the complaint was properly dismissed as a matter of pleading; further, leave to amend was appropriately denied since no copy of a proposed amendment was ever submitted. In the alternative, defendant contends that the court properly granted the motion to dismiss on the merits, since plaintiffs are seeking compensation for activities that are postliminary rather than principal within the meaning of the Portal-to-Portal Act.

We are unable to accept the theory that the district court should have dismissed or did dismiss the complaint merely as a technical matter of pleading. "In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We think that in this case quite enough was alleged to give defendant fair notice of the basis of plaintiffs' claim. See 1A Barron and Holtzoff, Federal Practice and Procedure 52–56 (Wright ed. 1960). In any event, it would have been necessary to give plaintiffs an opportunity to amend if this were merely a matter of deficient pleadings. Fed.R.Civ.P. 15(a). In Nagler v. Admiral Corp., 248 F.2d 319, 322 (2d Cir. 1957), Judge Clark indicated why "outright dismissal for reasons not going to the merits is viewed with disfavor in federal courts." See 2A Moore's Federal Practice 1775–76 (2d ed. 1967):

> "But such allegation [of contract or custom providing for payment] would not seem to be required if the suit

is for compensation for what the pleader claims and describes as an integral part of the employee's principal activities, i. e., non-portal-to-portal activity. Again amendment should be allowed to furnish required allegations, if they can be supplied in good faith by the pleader."

■ Defendant, however, urges that whatever the usual rule, in this case dismissal with prejudice is condign because plaintiffs did not submit a copy of any proposed amendment to their pleading. The difficulty with this is that plaintiffs were never informed that their complaint was improperly drawn. Defendant's objections on this score represented only an alternate theory of defense and as already indicated there is no reason to believe that it was accepted by the court. See Bonanno v. Thomas, 309 F.2d 320 (9th Cir. 1962) and Griffin v. Locke, 286 F.2d 514 (9th Cir. 1961), for the suggestion that if a complaint is dismissed for failure to state a claim upon which relief could be granted, other than on the merits, not only should leave to amend be granted but for their guidance in amending, plaintiffs should also be informed of the reason. Cf. Topping v. Fry, 147 F.2d 715 (7th Cir. 1945). We agree that the court should have explained its action.

It is necessary, therefore, to consider the merits of the complaint. The question of what activities are principal and what are postliminary must be viewed in the light of two companion cases decided by the Supreme Court. Steiner v. Mitchell, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956) and Mitchell v. King Packing Co., 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282 (1956). In these cases the Court said that an activity is principal if it is "an integral and indispensable part of the principal activity of the employment." *Steiner,* supra, 350 U.S. at 256, 76 S.Ct. at 335. In that case employees changed their clothes and took showers in a plant where caustic and toxic materials were used extensively. The Court concluded that although shower and change time would not ordinarily be indispensable to a principal activity, it was indispensable in the peculiar circumstances of this case.[1] Among other considerations the Court was influenced by the fact that Tennessee law required employers in the industry to supply facilities for showering and changing. *Steiner,* supra at 250, 76 S.Ct. 330.[2] Similarly in *King Packing,* where knifemen in a meat-packing plant sharpened their knives out of scheduled work hours, the Court concluded that this was indispensable to the principal activity.

■ The circumstances in the present case are quite different. An apprenticeship program not supplemented by evening instruction does not seem fairly comparable to knifemen without sharpened knives.[3] Still, in this area of controversy and complexity, we are reluctant

[1]. See remarks of Senator Cooper, 93 Cong. Rec. 2297–2298 cited in Steiner v. Mitchell, supra at 258, 76 S.Ct. at 337, especially: "In accordance with our intention as to the definition of 'principal activity,' if the employee could not perform his activity without putting on certain clothes, then the time used in changing into those clothes would be compensable as part of his principal activity. On the other hand, if changing clothes were merely a convenience to the employee and not directly related to the specific work, it would not be considered a part of his principal activity, and it follows that such time would not be compensable."

[2]. Plaintiffs also call to our attention Wirtz v. Healey, 227 F.Supp. 123 (W.D.Ill. 1964) and Chepard v. May, 71 F.Supp. 389 (S.D.N.Y.1947). In *Healey,* however, the school time was only one of a multitude of facts considered and no details were provided as to when it was given or its relationship to the employees' basic activities. We cannot regard this case as persuasive authority. *Chepard* was a pre-Portal-to-Portal Act case.

[3]. See, for example, 29 C.F.R. § 521.3 which discusses standards of apprenticeship. Subsection (i) provides for "[r]elated instruction, if available." This is a rather bland formula if it is intended to describe something indispensable and integral to the principal activity.

to decide on a barren record whether the activities here are principal or postliminary. Also, we think it would be improvident to speak more fully on the issues presented here until the district court decides this point on the basis of a more complete record. Accordingly, we remand for a determination of this issue.

Judgment will be entered vacating the judgment of the district court and remanding the case for proceedings consistent with this opinion.