**William R. BALLOU et al., Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY,
Defendant.**

Civ. A. No. 67-223-C.

United States District Court,
D. Massachusetts.

March 26, 1970.

Albert L. Goldman, Angoff, Goldman, Manning & Pyle, Boston, Mass., for plaintiffs.

Lawrence S. Fordham, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action brought by and on behalf of a group of apprentice employees against General Electric Company. Jurisdiction of this court is based on 28 U.S.C.A. § 1337. The cause of action is based on 29 U.S.C.A. § 216(b), for alleged violations of 29 U.S.C.A. §§ 206, 207.

The matter came before the court on defendant's motion for summary judgment. The motion is based upon the pleadings and is supported by a 60-page affidavit of Gilbert K. Richter, defendant's Personnel Manager, together with voluminous exhibits thereto. The motion is opposed by a 14-page affidavit, with exhibits attached, of Peter DiCicco, Business Agent of Local 201, International Union of Electrical, Radio & Machine Workers, AFL–CIO. Defendant, as the moving party, filed a 74-page memorandum of law in support of its motion, as well as a 30-page reply memorandum. Plaintiff filed a 52-page brief in opposition to the motion, with voluminous appendices thereto, a 24-page reply brief in opposition, with additional appendices, and, finally, a 3-page memorandum in opposition to the allowance of defendant's motion.

The facts which give rise to this litigation are set out in the opinion of the Court of Appeals for this Circuit in Ballou v. General Electric Co., 393 F.2d 398 (1968). In remanding the case, the

Court of Appeals observed (pp. 400–401):

"The question of what activities are principal and what are postliminary must be viewed in the light of two companion cases decided by the Supreme Court. Steiner v. Mitchell, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956) and Mitchell v. King Packing Co., 350 U.S. 260, 76 S.Ct. 337, 100 L. Ed. 282 (1956). In these cases the Court said that an activity is principal if it is 'an integral and indispensable part of the principal activity of the employment.' * * * we are reluctant to decide on a barren record whether the activities here are principal or postliminary. Also, we think it would be improvident to speak more fully on the issues presented here until the district court decides this point on the basis of a more complete record. Accordingly, we remand for a determination of this issue."

The present state of the record, consisting as it does of over 500 pages of affidavits and appended documents, plus 183 pages of briefs addressed to the motion for summary judgment, would seem to have passed beyond the state of barrenness, and it would appear that the question now before the court, on the basis of the more complete record, is whether or not the time spent by apprentices in classroom studies is exempt from the provisions of Sections 6 and 7 of the Fair Labor Standards Act, by reason of the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C.A. § 254, which requires that an employer compensate its employees for "principal" activities, but excuses an employer from compensating its employees for activities which are "preliminary" or "postliminary" to the principal activity. Activities which are characterized as preliminary or postliminary are compensable only upon allegation and proof of either a contract so providing or a custom or practice so providing.

Thus, the first issue to be resolved is whether attendance at classroom work under defendant's apprenticeship program may be ruled to be principal, preliminary, or postliminary, under the provisions of the statute. The determination of this question is a ruling of law, dependent upon the construction of the voluminous documentation now on file. The plaintiffs in this case are apprentices who are employed by the defendant in one of the seven following occupations:

(a) All Around Production Machinist

(b) Pipefitting

(c) Structural Steel and Ironwork

(d) Machine Tool Maintenance

(e) Machinist-Toolmaker

(f) Industrial Electronics

(g) Electrician

The Richter affidavit, at pages 39 to 41, establishes that the principal activity of defendant's apprentices is their regular forty-hour work week. Exhibits 4, 6 and 8 to the Richter affidavit, and pages 3, 5 and 6 of the Ironworkers, Plumber-Pipefitters, and All-Around Machinists Apprentice Manuals, contained in Exhibit 2 of the Richter affidavit, establish that any training necessary to the performance of the particular job for which any given apprentice is employed is provided then and there to that employee, as on-the-job training, during the course of the regular forty-hour work week, quite independently of any classroom study under the apprenticeship program. Pages 39 to 53 of the Richter affidavit make it abundantly clear that the classroom portion of the apprenticeship program is supplementary, and only supplementary, to the principal activity of the apprentice. Nothing contained in the DiCicco affidavit, or the attachments thereto, raises a genuine issue of material fact as to the nature of the apprentice's regular work vis-a-vis the nature of the apprentice's classroom training under the apprenticeship program. Consequently, plaintiff has failed to bring this case within the language contained in the opinion of the Court of Appeals

478

for this Circuit in Wirtz v. Marino, 405 F.2d 938, 940 (1969):

> "There is no exemption for 'activities performed before or after regular hours of work * * * where they are an integral part of and indispensable to [the employees'] principal activities.'"

On the record presently before the court, it cannot be ruled that the classroom activities of the apprentices herein are "an integral part of and indispensable to" the apprentices' regular work at General Electric. The instant record makes the fact situation before this court distinguishable from the type of situation found by the Supreme Court to be present in the *Steiner* and *Mitchell* cases, *supra*, in both of which cases the Supreme Court ruled that because of the peculiar circumstances attendant upon the business activity involved in the basic forty-hour week of the employees in those cases, i. e., working with caustic and toxic materials in the one case, and working with knives which needed sharpening in the other case, the extra time involved, respectively, in showering and knife-sharpening, could be found to be an indispensable part of the principal activity of the employees in those cases. Consequently, I rule that the apprentice training classroom work involved herein is not a principal activity of plaintiffs, and I rule that on this record there is no genuine issue of material fact with regard thereto.

Plaintiff's contention that the classroom work of apprentices is "hours worked," under 29 C.F.R. 785.32, is effectively rebutted by pages 39 to 41 of the Richter affidavit and also by page 7 of each of the six Apprentice Training Manuals contained in Exhibit 2 to the Richter affidavit. The contention is also rebutted by the affidavit of Clarence T. Lundquist, an attorney for defendant, in Exhibit B to which affidavit it also appears that time spent by apprentices in classroom work does not involve either productive work or the performance of the apprentice's regular duties. More important, than the fact that this contention is so rebutted, is the fact that plaintiff has supplied nothing to create a genuine issue of material fact tending to support his contention. Further rebuttal is found in the fact that the apprenticeship program substantially meets the standards of the Bureau of Apprenticeship and Training of the Department of Labor, as appears from pages 1 and 2 of Exhibit A to the Lundquist affidavit. See, also, appendix to memorandum of General Electric, containing the text of Department of Labor Opinion Letters, particularly Opinion Letter No. 431, dated March 1, 1966. CCH Labor Law Rpts., par. 30,-966.68.

Plaintiff's attempt to seek solace herein by resorting to the argument that defendant has failed to comply with the provisions of Regulation 29 C.F.R. 521.3, goes wide of the mark, since compliance or substantial compliance with that regulation is required only in cases where the employer seeks to obtain from the Department of Labor a certificate authorizing it to employ apprentices at wages lower than the minimum wages applicable under Section 6 of the Act. There is no issue in this case relative to defendant's seeking authorization to pay lower than the minimum wage, and there is no relationship between the standards enunciated in 29 C.F.R. 521.3 and the requirements set out in 29 C.F.R. 785.32.

In the light of the above ruling, the remaining legal question for resolution herein is whether, although postliminary in nature, nevertheless, attendance in the apprenticeship classroom is made compensable by either a contract expressly so providing or by a custom and practice to that effect.

An examination of Exhibit 1 to the Richter affidavit shows that it contains four different printed forms of employment contract used by General Electric in dealing with its apprentices. Each of these four standard form contracts bears the caption "Apprentice Agree-

ment," and each of them contains the identical sentence:

"The apprentice shall not be paid for attendance time at classroom exercises or lecture courses held outside of regular working hours."

Plaintiff has neither alleged nor created a genuine issue of material fact as to the incidence of any custom or usage which involves paying apprentices for classroom attendance of the type involved herein. Accordingly, defendant's motion for summary judgment is allowed.