In re MONAHAN & CO., LTD., Debtor.

W. N. PROVENZANO, INC., Plaintiff,

v.

MONAHAN & CO., LTD., Defendant.

Bankruptcy No. 4–81–00079–G.

Adv. No. 4–81–00135–G.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 7, 1981.

Joseph Collins, Springfield, Mass., for debtor/defendant.

Ronald P. Weiss, Springfield, Mass., for plaintiff.

## MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff filed a complaint alleging that the defendant converted property, by refusing to return the property which had been placed in the defendant's hands for inspection and examination only. The defendant filed a motion to dismiss pursuant to Bankruptcy Rule of Procedure 712 alleging that the property had been received on a consignment for sale or return; that under Massachusetts General Laws c. 106 § 2–326 (the "Uniform Commercial Code" or "U.C.C."), the plaintiff's status is as an unsecured creditor, and that the plaintiff has no claim to an action for conversion. Oral arguments were heard; memoranda of law were submitted by both parties. The following memorandum represents findings of facts and law on the issue of dismissal.

W. N. Provenzano, Inc. ("plaintiff" or "creditor") is a manufacturer of jewelry. It alleges that it sent two rings to the defendant Monahan & Co., Ltd. ("Monahan" or "debtor") a retail jeweler. The rings were in the possession of Monahan at the time it filed a voluntary Chapter 11 petition. The plaintiff delivered the rings to Monahan on a "memorandum agreement" which included words which limited the rights of the debtor to use or control the property.

The agreement stated—

The goods described and valued below are delivered to you for EXAMINATION AND INSPECTION ONLY and remain our property subject to our order and shall be returned to us on demand. Such merchandise, until returned to us and actually received, are at your risk from all hazards. NO RIGHT OR POWER IS GIVEN TO YOU TO SELL, PLEDGE, HYPOTHECATE OR OTHERWISE DISPOSE of this merchandise regardless of prior transactions. A sale of this merchandise can only be effected and title will pass only if, as and when we the said owner shall agree to such sale and a bill of sale rendered therefore.

The plaintiff had demanded return of the rings, before the petition had been filed. The rings had not been returned before the filing of the petition, and appear to have been sold by the debtor.

The debtor alleges that the rings were delivered to it on consignment for sale or return. The debtor points to language in

the letter from the plaintiff which states, "If these items have not been sold, please return them to us". The delivery of the goods "on memorandum" coupled with the language of the letter, according to the defendant, represents a sale or return situation covered by U.C.C. § 2–326. Under U.C.C. § 2–326, the plaintiff can only be an unsecured creditor unless he affirmatively acts to protect his interest by filing, according to the provisions of the Article on Secured Transactions of the Uniform Commercial Code, Sections 9–101 et seq.

When a motion to dismiss is made pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, which is made applicable by *Bankruptcy Rule 712*, it can be allowed only when the defendant has shown that the plaintiff is entitled to no relief under any statement of the facts which could be proved to support the claim. *Ballou v. General Electric Company*, 393 F.2d 398 (1st Cir. 1968). The plaintiff has alleged that it did not have an agreement with the debtor for a sale or return situation as defined in U.C.C. § 2–326. Instead the plaintiff argues that the defendant held the rings as a bailee only. The plaintiff has also argued that the U.C.C. § 2–208(2) directions on construction of inconsistencies between course of performance and express terms of agreements require the express terms to control both the course of dealing and usage of trade. If the plaintiff can prove that the rings in question were delivered to the defendant in a bailment and not for sale, the plaintiff would be entitled to a claim of relief for conversion of the property. Where there is a statement of the facts which could be proved to support the claim, the defendant's motion to dismiss cannot be granted.