■ CHARLES W. MANNERS, JR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 97487.) [727 NYS2d 547] —Carpinello, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered January 31, 2000, upon a decision of the court in favor of the State.

Claimant, a construction superintendent for the Office of General Services, filed this claim seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 (29 USC § 201 *et seq.*). Specifically, claimant maintains that the State, by "requiring"* him to use a State vehicle to commute to and from his assigned work station, is obligated to pay him overtime for his commute time. Following a trial, the Court of Claims, in a thorough and well-reasoned decision, dismissed the claim (183 Misc 2d 382). Claimant appeals.

While the Fair Labor Standards Act of 1938 requires employers to pay employees for all work performed, under the Portal-to-Portal Act of 1947 (29 USC § 251 *et seq.*), time spent by an employee commuting to and from work, even in an employer-provided vehicle, is not compensable (*see*, 29 USC § 254 [a] [1]; 29 CFR 785.35; *see also, Kavanagh v Grand Union Co.*, 192 F3d 269; *Aiken v City of Memphis*, 190 F3d 753, *cert denied* 528 US 1157; *Hellmers v Town of Vestal*, 969 F Supp 837; *Reich v Brenaman Elec. Serv.*, 1997 WL 164235, 1997 US Dist LEXIS

---

* Prior to June 1996, claimant was reimbursed for daily commuting expenses to the tune of $200 per week. As a cost savings method, he was assigned a State vehicle and directed to use it for all reimbursable mileage.

4163 [US Dist Ct, ED Pa, Mar. 28, 1997, Leomporra, J.]). Moreover, any activity which precedes or follows an employee's principal activity is not compensable (*see*, 29 USC § 254 [a] [2]). Principal activity, in turn, is defined as an activity that is "an integral and indispensable part" of the employee's work duties (*Mitchell v King Packing Co.*, 350 US 260, 261; *see, Steiner v Mitchell*, 350 US 247, 255). There being no dispute that claimant was not engaged in *any* work-related activity while commuting to and from his assigned work station—indeed, he testified that all he was "doing [during his commute] was operating the car"—let alone engaged in an "integral or indispensable" work-related activity—the Court of Claims properly determined that this travel time was not compensable (*see generally, Bobo v United States*, 37 Fed Cl 690, *affd* 136 F3d 1465; *compare, Herman v Kramer Constr.*, 163 F3d 602 [full text published at 1998 WL 664622, 1998 US App LEXIS 23329]).

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.